AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
Sheet 1

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

# UNITED STATES DISTRICT COURT

District of Vermont

2018 AUG 22  AM 10: 00

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>RANDY ALLEN MCENTEE | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case No.  5:17-cr-61-01<br>USM No. 11801-082<br><br>Steven L. Barth, AFPD<br>_____<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)   2 and 3   of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Standard Condition 4 | Not truthfully answering probation officer's questions | 5/23/2018 |
| Mandatory Condition 2 | Unlawful use of a controlled substance | 4/2018 |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   1611

Defendant's Year of Birth:   1996

City and State of Defendant's Residence:
South Burlington, Vermont

**JUDGMENT ENTERED ON DOCKET**
DATE: _____ 8/22/2018 _____

08/21/2018
_____
Date of Imposition of Judgment

_____
Signature of Judge

Geoffrey W. Crawford, U.S. District Judge
_____
Name and Title of Judge

08/22/2018
_____
Date

AO 245D (Rev. 02/18)    Judgment in a Criminal Case for Revocations
                        Sheet 2— Imprisonment

Judgment — Page __2__ of __5__

DEFENDANT: RANDY ALLEN MCENTEE
CASE NUMBER: 5:17-cr-61-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

time served.

☐    The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___5___

DEFENDANT: RANDY ALLEN MCENTEE
CASE NUMBER: 5:17-cr-61-01

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Defendant is to continue his existing term of supervised release (expiring on January 8, 2020).

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 02/18)     Judgment in a Criminal Case for Revocations
                         Sheet 3A — Supervised Release

Judgment—Page __4__ of __5__

DEFENDANT:  RANDY ALLEN MCENTEE
CASE NUMBER:  5:17-cr-61-01

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245D (Rev. 02/18)    Judgment in a Criminal Case for Revocations
                        Sheet 3B — Supervised Release

Judgment—Page   5   of   5

DEFENDANT: RANDY ALLEN MCENTEE
CASE NUMBER: 5:17-cr-61-01

## ADDITIONAL SUPERVISED RELEASE TERMS

You must comply with the standard conditions of supervision recommended by the Sentencing Commission, as set forth in Part G of the presentence report. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

You must participate in a mental health program approved by the United States Probation Office. You shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether you have reverted to the use of drugs or alcohol. You shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or the availability of third party payment. You must refrain from the use of alcohol and other intoxicants during and after treatment.

You must provide the probation officer with a complete and current inventory of the number of computers (as defined in 18 U.S.C. § 1030(e)(1)) used, possessed, or in your control along with a monthly log of computer access.

You must not use a computer device (as defined in 18 U.S.C. § 1030(e)(1)) capable of Internet access until a Computer Use Plan is developed and approved by your treatment provider and/or probation officer. Such plan, at a minimum, must require you to submit a monthly record of Internet use, online screen names, encryption methods, and passwords utilized by you.

You must not access any computer device (as defined in 18 U.S.C. § 1030(e)(1)) that utilizes any encryption, anonymization, "cleaning" or "wiping" software programs. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

You must allow, at the direction of the probation officer and at your expense, the installation of monitoring hardware or software to monitor your use of computer systems, internet-capable devices and/or similar electronic devises under your control.

You must not have contact, directly or through a third party, with the victims in this case. Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.